COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-307-CR

 

 

RAED SAIF                                                                         APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL
DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------













A jury convicted Appellant Raed Saif of theft of
stolen property, and the trial court sentenced him to 360 days=
confinement in county jail, probated for 360 days.  The court also assessed a fine of $500 that
was not probated.  Appellant brings three
points on appeal, challenging the legal sufficiency of the evidence and the
jury charge.  Because we hold that the evidence
is legally sufficient to support the jury=s
verdict and that the trial court did not err in charging the jury on the law of
parties, we affirm the trial court=s
judgment.   Officer Jesus Banda drove
Joselyn Douglas, an undercover customs informant with the United States Customs
Service and the Fort Worth Police Department, to a Fina store.  Her instructions were to sell thirty-six
boxes of Accu-Chek glucose testing strips (used by diabetics) to someone inside
the store and to represent to that person that the strips were stolen.  Inside the store, Douglas spoke with Raul
Abdul Douglas, who was not related to her, and offered to sell him stolen
testing strips.  Raul Abdul Douglas told
Joselyn that he had no money, but, according to Joselyn, Acalled
this dude that was gonna bring the rest of the money.@  He made the phone call, but Joselyn could not
understand what he said during the telephone conversation because he spoke in a
foreign language.  Shortly after the
call, Joselyn left the store and returned to the truck that she had arrived in,
where Banda was waiting.  After waiting
two or three hours, Joselyn saw Appellant drive up and enter the store.  Joselyn followed him inside the store.  She told Appellant about the strips and
discussed payment, but she did not represent to him that the strips were
stolen.  Appellant and Joselyn negotiated
the price of the strips, and he gave her $472. 
She left the store with the money and left the strips with
Appellant.  She noted that because two of
the boxes were damaged, Appellant either did not pay for those boxes or paid a
reduced price.  A customs agent testified
that the average retail price of the thirty-six boxes of strips was $2736.

Appellant argues that the evidence is legally
insufficient to support his conviction because the jury was instructed that he
could be convicted only as a party, while the evidence shows that if he was
guilty, he was guilty only as the primary actor.  He also points out that, because he was the
primary actor, the law required that representations that the property was
stolen be made to him, not to Raul Abdul Douglas.

A person is criminally responsible as a party to
an offense if the offense is committed by his own conduct, by the conduct of
another for which he is criminally responsible, or both.[2]  A person is criminally responsible for an
offense committed by the conduct of another if, acting with intent to promote
or assist the commission of the offense, he solicits, encourages, directs,
aids, or attempts to aid the other person to commit the offense.[3]  The law of parties need not be pled in the
indictment.[4]













In determining whether a defendant is a party,
the trial court may look to events before, during, and after the commission of
the crime.[5]  The reviewing court may rely on acts by the
defendant showing an understanding and common design.[6]  The court may also rely on circumstantial
evidence.[7]       The record reflects that Joselyn was not
dressed as a pharmaceutical sales representative, nor did she act like
one.  She was carrying the diabetic test
strips in a trash bag and offered to sell them out of the trash bag.  She informed Raul Abdul Douglas that she had
stolen the strips, and he immediately made a telephone call in which he told
someone to bring the money.  When
Appellant arrived, he negotiated the sale with Joselyn, paid her in cash, and
did not ask for a receipt.  He paid her
$472 for $2736 worth of property. 
Applying the proper standard of review,[8]
we hold that the evidence is legally sufficient to support the jury=s
verdict that Appellant is guilty as a party. 
We overrule Appellant=s first
point.

In his second and third points, Appellant argues
that the trial court erred in charging the jury on the law of parties because
the charge was not supported by the evidence and because the trial court
improperly applied the law of parties to the facts in this case.

The trial court instructed the jury,

[I]f you believe from the evidence beyond a
reasonable doubt that on or about the 27th day of February, 2003, in Tarrant
County, Texas that Abdul Douglas did then and there unlawfully appropriate
property, by acquiring or otherwise exercising control over property, to
wit:  thirty-six boxes of Accucheck
Glucose Testing Strips, of the value of $1,500 or more but less than $20,000
from Joselyn Douglas, an undercover operative acting as a law enforcement agent
of the Fort Worth Police Department, which was the owner of the property by
virtue of the agency=s custody of the property, and
the said Joselyn Douglas explicitly represented to said Abdul Douglas that said
property was stolen, and said Abdul Douglas appropriated said property
believing it was stolen by another and said appropriation was with intent to
deprive said owner of said property, and acting with the intent to promote or
assist the commission of the theft, the defendant, Raed Saif, solicited,
encouraged, directed, aided, or attempted to aid Abdul Douglas to commit the
offense of theft, then you will find the defendant guilty of the offense of
theft of thirty-six boxes of Accucheck Glucose Testing Strips as charged in the
indictment.








Appellant asked the trial court to instruct the
jury that to find Appellant guilty, they had to find that he was explicitly
informed that the property was stolen. 
The law is well established that the State is required to show that
Appellant acted with intent to assist in the commission of the offense of theft
of stolen property, but the State is not required to show that he committed
every element of the offense himself.[9]  Consequently, the trial court properly
refused to instruct the jury contrary to the law.

It is undisputed that the explicit representation
was made to Raul Abdul Douglas.  The
evidence, as detailed above, is sufficient to support the charge. We therefore
hold that the trial court properly charged the jury on the law of parties and
properly applied the law to the facts of this case.  We overrule Appellant=s second
and third points.

Having overruled Appellant=s three
points, we affirm the trial court=s
judgment.

 

LEE
ANN DAUPHINOT

JUSTICE

PANEL B:   DAUPHINOT, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED:  October 5, 2006











[1]See Tex. R. App. P. 47.4.





[2]Tex. Penal Code Ann. ' 7.01(a) (Vernon 2003).





[3]Id. '
2.02(a)(2).





[4]Frank v. State,
183 S.W.3d 63, 73 (Tex. App.CFort Worth 2005, pet. ref=d).





[5]Goff v. State,
931 S.W.2d 537, 545 (Tex. Crim. App. 1996), cert. denied, 520 U.S. 1171
(1997).





[6]Ransom v. State,
920 S.W.2d 288, 302 (Tex. Crim. App.) (op. on reh=g), cert. denied, 519 U.S. 1030 (1996).





[7]Id.





[8]See Jackson v. Virginia, 443 U.S. 307,
319, 99 S. Ct. 2781, 2789 (1979); Burden v. State, 55 S.W.3d 608, 612
(Tex. Crim. App. 2001); Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim.
App. 1999), cert. denied, 529 U.S. 1131 (2000).





[9]Tex. Penal Code Ann. ' 7.02(a)(2) (Vernon 2003); Frank, 183 S.W.3d at
72.